UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MARK ELLIS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) |
| | )  **JURY DEMANDED** |
| AJ & ASSOCIATES DENTAL, PC, & | ) |
| ASPEN DENTAL MANAGEMENT, | ) |
| INC., | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Mark Ellis, through counsel, hereby sues defendants, AJ & Associates Dental, PC, and Aspen Dental Management, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 12101 et seq.; under the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 et seq.; and under Tennessee's "whistleblower" protection law, T.C.A § 50-1-304. For his cause of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff Mark Ellis is an adult citizen and resident of Hamilton County, Tennessee. Mr. Ellis was employed by defendants from approximately January of 2013 until he was terminated on approximately December 17, 2013.

2. Defendant AJ & Associates Dental, PC, is a Tennessee professional corporation

1

with its Tennessee registered agent located at 2908 Poston Avenue, Nashville, Tennessee 37203. Upon information and belief, defendant AJ & Associates Dental, PC, employed Mr. Ellis at a location in Bradley County, Tennessee, at times relevant to this Complaint.

3. Defendant Aspen Dental Management, Inc., is a Tennessee corporation with its Tennessee registered agent located at 2908 Poston Avenue, Nashville, Tennessee 37203. Upon information and belief, defendant Aspen Dental Management, Inc., employed Mr. Ellis at a location in Bradley County, Tennessee, at times relevant to this Complaint.

JURISDICTION AND VENUE

4. Jurisdiction and venue are proper in the Circuit Court of Bradley County, Tennessee, because defendants are doing business in Bradley County, Tennessee, and because this cause of action arose out of Mr. Ellis's employment by defendants at defendants' Bradley County location. Jurisdiction is also proper pursuant to 28 U.S.C. § 1331 and and 28 U.S.C. § 1367.

FACTUAL ALLEGATIONS

5. Defendants own and operate the Aspen Dental business. According to Aspen Dental's website on the date of the filing of this Complaint, Aspen Dental currently has 476 dental offices open to this date. Additionally, according to Aspen Dental's website on the date of filing this Complaint, Aspen Dental currently has 22 dental offices in the state of Tennessee.

6. Aspen Dental uses a corporate model of dentistry in which a corporation runs the business side of the dentistry practice. Meanwhile, the dentists are formally employed by a professional corporation, which is often owned by a dentist. The business side of the dentistry practice is purported to be distinct from the practice of dentistry by the dentists. In actual

practice, however, the non-professional corporation exercises leadership and control over the business side as well as the dentistry side of the practice.

7. Aspen Dental strives to sign new patients up for large treatment plans that include oral surgeries and other expensive procedures. To achieve this goal, Aspen Dental trains its dentists and office staff in selling and scheduling oral surgeries and other expensive procedures, provides incentives for its dentists and office staff to sell and schedule such procedures, and measures the job performance of its dentists and office staff based on the amount of oral surgeries and other expensive procedures sold and scheduled. Aspen Dental encourages its dentists to aggressively push their patients toward the most lucrative procedures, such as extractions, crowns, and bridges, in lieu of less lucrative alternatives.

8. These training and incentives provided by Aspen Dental encourage the dentists and office staff to prescribe and provide dental care that is sometimes unnecessary and inconsistent with the patients' best interests. It is fraudulent, unethical, and illegal for a dentist to prescribe and provide dental care that is unnecessary or inconsistent with a patient's best interest.

9. Because of the nature of this business, many experienced dentists would be uncomfortable working for Aspen Dental. Thus, Aspen Dental targets dentists who are members of minority races, who have unusual national origins, or who are young. Because such dentists have fewer employment opportunities and often have large student loans, these dentists are more likely to be influenced and controlled by the training and incentives provided by Aspen Dental.

10. Mr. Ellis is a forty-eight-year-old Caucasian male, and he has many years of experience in private dentistry. Mr. Ellis was hired by defendants in approximately January 2013 as a dentist and managing clinical director at the Aspen Dental office, located at 4335 Keith St NW, Cleveland, TN 37312.

11. During the course of his employment with defendants, Mr. Ellis observed that an unusual percentage of the dentists hired and employed by Aspen Dental were members of minority races, had unusual national origins, or were younger than 40 years of age.

12. During the course of his employment with defendants, defendants attempted to influence Mr. Ellis to prescribe and provide dental care that was unnecessary or inconsistent with the best interests of his patients. Mr. Ellis refused to provide such treatment because he felt that it was fraudulent, unethical, and illegal. Instead, Mr. Ellis prescribed and provided the dental care that he thought was in his patients' best interests.

13. During the course of his employment with defendants, Mr. Ellis discovered that a lawsuit had been filed against Aspen Dental in the United States District Court for the Northern District of New York (hereinafter referred to as "New York lawsuit") on behalf of many of the patients of Aspen Dental. The complaint in that case alleged, among other things, that Aspen Dental had a policy or practice of misleading patients into purchasing large treatment plans and that Aspen Dental had been engaging in the unauthorized practice of providing dental care. When Mr. Ellis learned of the New York lawsuit, Mr. Ellis communicated with the counsel for the plaintiffs involved in the New York lawsuit.

14. Upon information and belief, defendants acquired knowledge that Mr. Ellis had communicated with counsel for the plaintiffs involved in the New York lawsuit.

15. On approximately December 17, 2013, Mr. Ellis was terminated. The only explanation provided by defendants for Mr. Ellis's termination was that Mr. Ellis "was not a good fit."

16. Upon information and belief, defendants replaced Mr. Ellis with a dentist who was a member of a minority race or who had an unusual national origin.

17. Following his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and was issued a Notice of Right to Sue letter, which is attached as an exhibit to this Complaint.

## DISCRIMINATION

18. Plaintiff alleges that defendants discriminated against him and discharged him because of his race, color, national origin, or age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 12101 et seq.; and the Tennessee Human Rights Act, T.C.A. §§ 4-21-101 et seq.

19. Mr. Ellis is a member of a protected class.

20. At all relevant times herein, defendants each employed over 20 persons.

21. Mr. Ellis was qualified for his job with defendants, and he performed it satisfactorily.

22. As a result of defendant's culpable acts or omissions as set forth herein, Plaintiff was improperly discriminated against and is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

23. Defendants actions were intentional, malicious, or reckless, and plaintiff is, therefore, entitled to an award of punitive damages.

## RETALIATORY DISCHARGE

24. Plaintiff alleges that defendants terminated him solely for refusing to participate in, or for refusing to remain silent about, illegal activities in violation of T.C.A. § 50-1-304.

25. It is fraudulent, unethical, and illegal for a dentist to prescribe and provide dental

5

Case 1:14-cv-00341-CLC-SKL   Document 1   Filed 11/26/14   Page 5 of 7   PageID #: 5

care that is unnecessary or inconsistent with a patient's best interest. Mr. Ellis refused to participate in this fraudulent, unethical, and illegal behavior.

26. By communicating with counsel for plaintiffs in the New York lawsuit, Mr. Ellis refused to remain silent about illegal activities.

27. As a result of defendant's violation of T.C.A. § 50-1-304, Mr. Ellis is entitled to compensation for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses.

28. Defendants actions were intentional, malicious, or reckless, and plaintiff is, therefore, entitled to an award of punitive damages.

WHEREFORE PLAINTIFF PRAYS:

(a) That plaintiff be awarded compensation in an amount to be determined at trial for past, present, and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

(b) That plaintiff be awarded punitive or liquidated damages in an amount to be determined by the jury;

(c) That the Court award plaintiff the attorneys' fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law.

(d) The Court award the plaintiff such other, further, and general relief to which he may be entitled.

(e) That a jury be empaneled to try this action.

Respectfully submitted,

**MASSEY & ASSOCIATES, P.C.**

By: <u>/s/ Joshua R. Ward</u>
Joshua R. Ward; BPR No. 31329
Attorney for Plaintiff
1024 M.L. King Blvd.
Chattanooga, TN 37403
(P): 423.697.4529
(F): 423.634.8886
josh@masseyattorneys.com
*Attorney for Plaintiff*